PHILLIP A. TALBERT
Acting United States Attorney
ROSANNE L. RUST
MICHAEL D. ANDERSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-cr-185 WBS |
|---|---|
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING CHANGE OF PLEA HEARING; FINDINGS AND ORDER |
| v. | |
| AKRUM ALRAHIB, | DATE: November 8, 2021 |
| | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. William B. Shubb |

**BACKGROUND**

On October 4, 2021, the United States Attorney filed a two-count Information against the defendant Akrum Alrahib, charging him with violations of: 18 U.S.C. § 371 – conspiracy to commit mail fraud. The defendant was arraigned on this Information after waiving indictment on November 2, 2021. On November 3, 2021, this case was reassigned from Judge England to Judge Shubb. Due to the reassignment, the change of plea hearing on the two-count Information was re-scheduled from November 4, 2021, to November 8, 2021.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and

STIPULATION REGARDING HEARING               1

safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2). It also empowered Chief District Court Judges to authorize arraignments by video or teleconference. *Id.* § 15002(b)(1).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On September 28, 2021, for the reasons set forth in General Orders Nos. 610, 611, 612, 613, 614, 615, 616, 617, 618, 620, 621, 624, 628, 630, 631, and 632, the Chief Judge of this District, per General Order 635, extended the findings and authorizations required by the CARES Act: "I hereby extend all findings and authorizations in General Order No. 614 for another 90 days unless terminated earlier."

In order to authorize change of plea hearings by remote means, however, the CARES Act—as implemented by the General Orders listed in the paragraph above—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." The General Orders listed above require that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and the General Orders listed above have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 614 et seq. Specifically, for the reasons further set forth below, the parties agree that:

1) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact, the fact that the parties have reached a plea agreement to resolve this case, and the backlog of cases that is likely to increase in this District if criminal matters do not proceed by videoconference when the defendant consents and

STIPULATION REGARDING HEARING

2

resolution has been reached between the parties; and

    2) The defendant waives his physical presence at the change of plea hearing and consents to remote hearing by videoconference. Counsel joins in that waiver.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their evolving guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public: avoid crowds; practice physical distancing between individuals; and wear a mask in indoor settings (under certain conditions) to potentially slow the spread of COVID-19 and its variants, such as the highly contagious Delta variant.

4. On March 17, 2020, this Court issued General Order 611, noting the President's and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. General Order 612, issued the following day, provided: if any criminal matters are maintained on calendar, to the full extent possible they shall be conducted by telephone or video conference.

5. General Order 614, issued on March 30, 2020, specifically found that felony pleas and felony sentencings generally could not be conducted in person in this district without seriously jeopardizing public health and safety, and authorized, under the authority granted by Section 15002(b)(1) of the CARES Act, videoconferencing or telephone conferencing in many different criminal proceedings. General Order 614 also allowed the use of videoconferencing or telephone conferencing for felony pleas or sentencings with the defendant's consent, if a judge finds that the plea or sentencing cannot be further delayed without serious harm to the interests of justice.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

7. General Order Nos. 614, 616, 617, 618, 620, 621, 624, 628, 630, 632, 635 and 637 have also made findings and implemented temporary emergency procedures in response to the COVID–19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions.

8. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings consistently resume.

9. The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it only would add to the enormous backlog of criminal and civil matters facing this Court and every Judge in this District, when normal operations resume.

10. Under CARES Act § 15002(b), defendant consents to proceed with the change of plea hearing by videoconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated: November 4, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ Rosanne Rust
ROSANNE L. RUST
MICHAEL D. ANDERSON
Assistant United States Attorneys

STIPULATION REGARDING HEARING         4

Dated: November 4, 2021

/s/ William Portanova
WILLIAM PORTANOVA
Counsel for Defendant
Akrum Alrahib

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

   b) The defendant has waived his physical presence at the change of plea hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614 and 635, the change of plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED .

Dated: November 5, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE