PHILLIP A. TALBERT
United States Attorney
ROSANNE L. RUST
MICHAEL D. ANDERSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:21-CR-185 WBS |
| Plaintiff, | **STIPULATION AND ORDER RE: WAIVER OF PRESENTENCE INVESTIGATION REPORT AND SENTENCING** |
| v. | |
| AKRUM ALRAHIB, | |
| Defendant. | |

## I.    <u>INTRODUCTION</u>

Pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), the Court may sentence defendant Akrum Alrahib ("Alrahib") without a presentence investigation report (PSR) prepared by the Probation Office if the Court "finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Because there is a well-developed record in this case that includes a final PSR drafted in another district, an extensive factual basis for plea, and there is no dispute between the Parties as to the guidelines variables or sentencing recommendation, the Parties jointly request and stipulate that the Court make such a finding in this case.

///

///

## II.   BACKGROUND AND PROCEDURAL HISTORY

### A.   Alrahib Pleaded Guilty with a Plea Agreement in the EDCA.

The defendant, Akrum Alrahib, agreed to waive indictment and was charged by information on October 4, 2021.  ECF Nos. 1, 6, 8.

On November 8, 2021, via video teleconference, Alrahib pleaded guilty to Count One of the Information, charging conspiracy to commit mail fraud, pursuant to a plea agreement.  ECF Nos. 4, 18. In the plea agreement, Alrahib agreed to a detailed factual basis.  ECF No. 4 at 13-15.  Alrahib signed and dated the plea agreement and the factual basis.  ECF No. 4 at 12 & 15.  The plea agreement contained stipulations between the Parties regarding the advisory Guidelines variables applicable in Alrahib's case.  ECF No. 4 at 9.

### B.   Alrahib was Recently Sentenced in the SDFL Where a Detailed PSR was Created.

After entering his plea in the present case, Alrahib was sentenced in a separate federal criminal case in the Southern District of Florida.  As part of the sentencing process, the U.S. Probation Office for the Southern District of Florida drafted a detailed Presentencing Report ("PSR").  The Southern District of Florida's PSR contains sections regarding Alrahib's criminal history (one prior conviction in 1997), ECF No. 296, *United States v. Alrahib*, 1:19-cr-20165-RS-1 (S.D. Fla., Miami Division), Part B.  It also contains detailed information regarding Alrahib's personal characteristics, including his family history, mental and physical condition, history of substance abuse, educational skills, employment history and alleged financial condition.  *Id.* at 24-34.  A copy of the final version of this PSR was provided to the Court, the U.S. Probation Office in the Eastern District of California, and the Parties in this case pursuant to ECF No. 294, *United States v. Alrahib*, 1:19-cr-20165-RS-1 (S.D. Fla., Miami Division).[1]

The District Court in Florida sentenced Alrahib to five years of imprisonment, and ordered that Alrahib's sentence "shall run concurrent with the sentence imposed in the Eastern District of California case 21-cr-185."  A copy of the Judgment and Commitment Order is attached as Exhibit 1.

///

///

---

[1]   Because the Court and the Parties are already in possession of the Florida PSR, a copy of it (ECF No. 296) is not attached to this Stipulation.

2

**C.      The Parties' Plea Agreement Provides that a Stipulated Amount of Restitution Must Be Ordered in this Case.**

Pursuant to his plea agreement in the present case, Alrahib has stipulated that the Court order restitution in the amount of $10,039,126.00 to the California Department of Tax and Fee Administration. ECF No. 4 at 3.  Alrahib agreed to deposit $250,000 toward that total amount with the Clerk of the Court in advance of his sentencing hearing.  ECF No. 4 at 3.  On or about November 24, 2021, the Clerk's Office entered a receipt on the docket, lodging Alrahib's $250,000 pre-sentencing payment. This receipt is reflected on the docket at an unnumbered docket entry between ECF Nos. 19 and 20.

Following the receipt of that money, the Court signed an order directing the Clerk's Office to deposit the payment into the Court's Deposit Fund and to apply those funds to Alrahib's special assessment and restitution following sentencing.  ECF No. 21.

**D.      The Parties' Agree on Conditions of Release.**

The parties have consulted with the U.S. Probation Office in the Eastern District of California, which has proposed standard and special conditions of supervised release.  Those conditions are attached as Exhibit 2.

### III.      STIPULATION

The parties agree, and hereby stipulate through counsel, that the Court has sufficient information to meaningfully exercise its sentencing authority and to proceed to sentencing without a presentence investigation in this district pursuant to Federal Rule of Criminal Procedure, Rule 32(c)(1)(A)(ii), and 18 U.S.C. § 3553.  The parties further stipulate that the Court may use the Florida PSR, ECF No. 296, *United States v. Alrahib*, 1:19-cr-20165-RS-1 (S.D. Fla., Miami Division), in making its sentencing determination.

### IV.      ANALYSIS

The parties jointly request that the Court proceed to sentencing without a presentence investigation and report in the instant case.  Rule of Criminal Procedure 32(c)(1)(A)(ii) permits a Court to impose sentence without a presentence investigation and report if the Court finds that "the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record."  As described below, the Court has a well-

developed record regarding the present offense and the defendant that will allow it to apply the

sentencing factors and exercise its sentencing authority in a meaningful way.

First, the Court has sufficient information to correctly calculate the advisory guidelines range. The parties have entered stipulations that are supported by a detailed factual basis. As a result of those stipulations, if accepted by the Court, the defendant's offense level will be 32 after a three-level reduction for acceptance of responsibility. Likewise, the Court has sufficient information to ensure that the defendant's criminal history is calculated correctly. The recently finalized Southern District of Florida PSR describes Alrahib's criminal history. In combination with the judgment from that same case reflecting his new felony conviction, Alrahib's Criminal History Category will be II. The resulting sentencing range will be 135 to 168 months. However, by operation of the statutory maximum for his offense of conviction, the sentencing range is 60 months. Both parties will recommend that the Court impose a 60-month sentence, to run concurrent to the sentence Alrahib received in his Southern District of Florida, Miami Division cases.

Second, the Court has sufficient information to apply the Section 3553(a) factors. The Florida PSR contains detailed information about Alrahib's personal characteristics, including his family history, mental and physical condition, history of substance abuse, educational skills, employment history and alleged financial condition. This information is very recent and thorough. It is the same type of information collected by the U.S. Probation office in this district and regularly relied upon by this Court. With respect to the nature and circumstances of the offense, the Parties have agreed to a detailed factual basis that describes the offense, how it was carried out, and Alrahib's role.

Finally, there is no dispute as to restitution. The Court will be provided with a restitution spreadsheet from Probation consistent with standard practice.

Therefore, for the reasons set forth in this Section, the Court has the information necessary to meaningfully exercise its sentencing authority and may proceed to sentencing without a presentence investigation report.

///

///

///

4

## V.    **CONCLUSION**

Based on the foregoing, the Parties respectfully request that the Court find that it has sufficient information to waive a presentence investigation and report, meaningfully exercise its sentencing authority, and proceed with sentencing.[2]

IT IS SO STIPULATED.


Dated:  January 26, 2022          By:        */s/ Rosanne Rust*
                                             ROSANNE L. RUST
                                             MICHAEL D. ANDERSON
                                             Assistant United States Attorneys


Dated:  January 26, 2022          By:         */s/ Malcolm Segal*
                                             MALCOLM SEGAL
                                             Counsel for Akrum Alrahib


### ORDER

The Court has reviewed the Parties' stipulation.  For the reasons set forth in Section IV of the Parties' Stipulation, which the Court adopts here by reference, the Court finds that it has sufficient information in the record that will enable it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 with respect to defendant Akrum Alrahib.  Therefore, the Court orders that no presentence investigation report in this case is required under Federal Rule of Criminal Procedure 32, and the Parties may proceed to sentencing without one.

IT IS SO ORDERED.


Dated:  January 28, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]    Alternatively, the parties request that the Court order the U.S. Probation Office for the Eastern District of California to prepare a presentence investigation report to be used in this case.