1  PHILLIP A. TALBERT
   United States Attorney
2  ROSANNE L. RUST
   MICHAEL D. ANDERSON
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
   United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,              | CASE NO. 2:21-CR-00185-WBS
12 |                       Plaintiff,        | STIPULATION REGARDING USE OF
   |                                         | VIDEOCONFERENCING DURING SENTENCING
13 |              v.                         | HEARING; ORDER
14 | AKRUM ALRAHIB,                          | DATE: February 14, 2022
   |                                         | TIME: 9:00 a.m.
15 |                       Defendant.        | COURT: Hon. William B. Shubb

16

17                            **BACKGROUND**

18      On October 4, 2021, the defendant Akrum Alrahib agreed to waive indictment and was charged

19 by information. ECF Nos. 1, 6, 8. On November 8, 2021, via video teleconference, Alrahib pleaded

20 guilty to Count One of the Information, charging conspiracy to commit mail fraud, pursuant to a plea

21 agreement. ECF Nos. 4, 18. This matter is now set for a sentencing hearing on February 14, 2022, at

22 9:00 a.m.

23      On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

24 (the "CARES Act"). The CARES Act empowered the Judicial Conference of the United States and

25 Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when

26 such hearings cannot be conducted in person without seriously jeopardizing public health and safety,

27 and "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

28 case cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief,

1   and Economic Security Act, Pub. L. No. 116-23, § 15002(b)(2), 134 Stat. 281, 527–29 (2020).

2       On March 29, 2020, the Judicial Conference of the United States made the findings required by
3   the CARES Act, concluding that "emergency conditions due to the national emergency declared by the
4   President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the
5   Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
6   functioning of the federal courts generally."

7       On December 21, 2021, for the reasons set forth in General Orders 610, 611, 612, 613, 614, 615,
8   616, 617, 618, 620, 621, 624, 628, 630, 631, 635, and 640, the Chief Judge of this District, per General
9   Order 640, extended the findings and authorizations required by the CARES Act for another ninety days
10  from the date of entry of General Order 640.  In order to authorize change of plea and sentencing
11  hearings by remote means, however, the CARES Act—as implemented by the General Orders listed
12  above—also requires district courts in individual cases to find, for specific reasons, that felony pleas and
13  sentencings cannot be further delayed without serious harm to the interests of justice.  *Id.*  The General
14  Orders listed above require that the defendant consent to remote proceedings.  Finally, remote
15  proceedings must be conducted by videoconference unless "video teleconferencing is not reasonably
16  available."  *Id.*  In such cases, district courts may conduct hearings by teleconference.  *Id.*

17      The parties hereby stipulate and agree that each of the requirements of the CARES Act and the
18  General Orders listed above have been satisfied in this case.  They request that the Court enter an order
19  making the specific findings required by the CARES Act and the General Orders listed above.
20  Specifically, for the reasons further set forth below, the parties agree that:

21      1.    The sentencing hearing in this case cannot be further delayed without serious harm to the
22  interest of justice, given the public health restrictions on physical contact, the fact that the defendant has
23  already pleaded guilty, and the backlog of cases that is likely to increase in the Eastern District of
24  California if criminal matters do not resolve by videoconference when the defendant consents and once
25  an agreement has been reached between the parties and they are ready for sentencing;

26      2.    The defendant waives his physical presence at the hearing and consents to remote hearing
27  by videoconference; and

28      3.    Defense counsel joins in that waiver.

STIPULATION AND [PROPOSED] ORDER REGARDING
VIDEOCONFERENCING

2

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their evolving guidance, the Centers for Disease Control and Prevention (the "CDC") and other public health authorities have suggested the public avoid crowds, practice physical distancing between individuals, and wear masks in indoor settings under certain conditions to potentially slow the spread of COVID-19 and its variants, such as the highly contagious, current Omicron variant.

4. On March 17, 2020, the Court issued General Order 611, noting the President's and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District of California had taken measures to limit the size of gatherings and practice social distancing. General Order 612, which issued the following day, provided that if any criminal matters are maintained on calendar, to the fullest extent possible they should be conducted by telephone or videoconference.

5. General Order 614, issued on March 30, 2020, found that felony plea and sentencing hearings generally could not be conducted in person in this district without seriously jeopardizing public health and safety. General Order 614 also authorized, under authority of the CARES Act, videoconferencing and telephone conferencing in different criminal proceedings. General Order 614 allowed for use of videoconferencing technology for felony change of plea and sentencing hearings with the defendant's consent, if a judge finds that the hearing cannot be further delayed without serious harm to the interests of justice.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this district pursuant to 18 U.S.C. § 3174(d), based on the Eastern District of California's critically low resources across its heavy caseload. The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined

both the district's caseload (the Eastern District of California currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the district is currently authorized only six district judges, and two of those positions are currently vacant).  The report further explained that a backlog of cases exists that can only start to be alleviated when the CDC lifts its guidance regarding gatherings of individuals.

7. General Orders 614, 616, 617, 618, 620, 621, 624, 628, 630, 632, 635, and 640 have also made findings and implemented temporary emergency procedures in response to the COVID-19 crisis, and these General Orders either remain in effect or have been superseded by a subsequent General Order extending their provisions.

8. Given these facts, it is essential that judges in this district resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this district will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume to a pre-pandemic extent.

9. The sentencing hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in person, it would only add to the enormous backlog of criminal and civil matters facing the Court, and every judge in this district, when normal operations resume.

10. Under CARES Act § 15002(b), the defendant consents to proceed with the sentencing hearing by videoconference.  Defense counsel joins in this consent.

IT IS SO STIPULATED.

Dated:  February 3, 2022                              PHILLIP A. TALBERT
                                                      United States Attorney


                                                      /s/ ROSANNE L. RUST
                                                      ROSANNE L. RUST
                                                      Assistant United States Attorney


Dated:  February 3, 2022                              /s/ MALCOLM SEGAL
                                                      MALCOLM SEGAL
                                                      WILLIAM PORTANOVA
                                                      Counsel for Defendant
                                                      AKRUM ALRAHIB

STIPULATION AND [PROPOSED] ORDER REGARDING VIDEOCONFERENCING

4

**FINDINGS AND ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The sentencing hearing in this case cannot be further delayed without serious harm to the interests of justice; and

   b) The defendant has waived his physical presence at the sentencing hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614 and 640, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED.

Dated: February 3, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE