UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>AKRUM ALRAHIB,<br><br>        Defendant. | No. 2:21-cr-185 WBS<br><br>ORDER RE: MOTION TO CLARIFY SENTENCE |

----oo0oo----

Defendant has filed a motion to clarify his sentence. (Docket No. 53.)  Pursuant to the parties' plea agreement, on June 13, 2022, this court sentenced defendant to 60 months' imprisonment, "to run concurrently to the sentence imposed in the Southern District of Florida (Case 1:19CR20165)."  (Docket Nos. 49, 50.)  Defendant brings this motion because the Bureau of Prisons has calculated his release date based on this court's June 13, 2022 sentencing date, rather than his December 1, 2021 sentencing date in the Southern District of Florida.  Defendant contends that the Bureau of Prison's calculation runs counter to

1

the parties' agreement and this court's imposition of a sentence to run concurrent with the sentence in the Southern District of Florida case, resulting in a sentence that is six months longer than that agreed to by the parties and purportedly intended by this court. As a proposed remedy, defendant requests that this court "clarify" that the sentence in this case was effective December 1, 2021 in order to assure that the entirety of the sentence in this case ran concurrently with the sentence in his case in the Southern District of Florida.[1]

The court is sympathetic to defendant's situation. Unfortunately for defendant, delays led to sentencing in this case several months after the sentencing in the Southern District of Florida. However, the case law is clear that a federal sentence cannot begin before it has been imposed. See, e.g., Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011). Further, though this court imposed its sentence to run concurrent with the sentence in the case in the Southern District of Florida, these sentences "could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." See United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). Thus, the court cannot grant the requested relief of modifying its order to

---

[1] The court notes that defendant does not request that the court reduce its 60 month sentence in this case, and the court declines to do so, even assuming it had such authority. However, it appears that the court does not in fact have any authority to reduce defendant's sentence under 18 U.S.C. § 3582(c).

2

clarify that its sentence runs effective December 1, 2021.[2]

       IT IS THEREFORE ORDERED that defendant's motion to clarify (Docket No. 53) be, and the same hereby is, DENIED.

Dated: January 24, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Because federal sentences cannot begin until they are imposed, if defendant sought to serve less than 60 months' imprisonment in this case, such that his sentence in this case would terminate the same day as the sentence imposed in the Southern District of Florida, he should have requested a shorter sentence in this case to achieve that effect, and the court would have considered such a request at sentencing. Instead, the parties jointly requested a sixty month sentence, which the court imposed.